MEMORANDUM **
Ali Mohammed Ali Dhaifallah, a native and citizen of Yemen, petitions for review in case No. 06-74350 of a Board of Immigration Appeals’ (“BIA”) order (1) affirming an immigration judge’s (“IJ”) denial of a motion to continue; (2) dismissing his appeal from the IJ’s decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”); and (3) denying his motion to reopen and remand for adjustment of status. Dhaifallah also petitions for review in No. 06-75133 of the BIA’s order denying reconsideration. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion both the denial of a motion to continue, Sandoval-Luna v. Mukasey, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and the denial of a motion to remand, Romero-Ruiz v. Muka *246 sey, 538 F.3d 1057, 1062 (9th Cir.2008). We review factual findings for substantial evidence. See Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). We review de novo claims of due process violations. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We grant in part and deny in part the petition for review in No. 06-74350, and we dismiss as moot the petition for review in No. 06-75133.
The IJ did not abuse his discretion in denying Dhaifallah’s motion to continue because it was speculative as to whether the 1-130 petition would be granted. See Sandoval-Luna, 526 F.3d at 1247. Dhaifallah’s due process contention regarding the denial of his motion to continue fails. See Colmenar, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).
Dhaifallah does not challenge the agency’s determination that his asylum application is time-barred. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
Substantial evidence supports the denial of withholding of removal because Dhaifallah feared harm based upon a land ownership dispute rather than on account of his membership in a particular social group. See Unuakhaulu v. Gonzales, 416 F.3d 931, 934, 937-38 (9th Cir.2005); cf. Ali v. Ashcroft, 394 F.3d 780, 785 (9th Cir.2005).
Substantial evidence also supports the denial of CAT relief because Dhaifallah failed to show that it is more likely than not that, if returned to Yemen, he will be tortured by government officials or with their acquiescence. See Wakkary v. Holder, 558 F.3d 1049, 1068 (9th Cir.2009).
When considering Dhaifallah’s motion to reopen and remand, the BIA did not have the benefit of our recent decision in Ahmed v. Mukasey, 548 F.3d 768, 772 (9th Cir.2008), which held that the agency may not deny a motion to reopen for adjustment of status based solely on the government’s objection. We therefore grant the petition as to the motion to reopen claim. On remand, the BIA shall provide a reasoned explanation for its decision. See Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005).
Accordingly, in No. 06-74350, we deny the petition as to Dhaifallah’s motion to continue, withholding of removal and CAT claims, and we grant the petition as to Dhaifallah’s motion to reopen claim, and we remand. In No. 06-75133, we dismiss as moot the petition as to Dhaifallah’s motion to reconsider.
No. 06-74350: PETITION FOR REVIEW DENIED in part;
GRANTED in part; REMANDED.
No. 06-75133: PETITION FOR REVIEW DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.